TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:   213.430.3409

Attorneys for Defendant
NIKKISO MEDICAL AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALY ESMERALDA MARTINEZ, individually and as successor in interest to decedent Doreen Ann Tarango; MARIO MARTINEZ, JR., individually and as successor in interest to decedent Doreen Ann Tarango; MARIO ANDRES MARTINEZ, individually and as successor in interest to decedent Doreen Ann Tarango; MARYANN BERTHA MARTINEZ, individually and as successor in interest to decedent Doreen Ann Tarango; and LORETTA ISABELA MARTINEZ, a minor, individually and as successor in interest to decedent Doreen Ann Tarango, by and through her guardian ad litem, Nathaly Esmeralda Martinez, <br><br>                Plaintiffs, <br><br>       v. <br><br> NIKKISO MEDICAL AMERICA, INC., a corporation; and Does 1 to 25, inclusive. <br><br>                Defendants. | Case No. 2:25-cv-06480-HDV-SSC <br><br> Assigned to the Hon. Hernán D. Vera <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br> Complaint Filed:   May 29, 2025 |

## **STIPULATED PROTECTIVE ORDER**

This matter, having come before the Court on the parties' agreement for a Stipulated Protective Order Governing Confidential Materials (hereinafter "Protective Order"), and it appearing to the Court that:

Plaintiffs Nathaly Esmeralda Martinez, Mario Martinez, Jr., Mario Andres Martinez, Maryann Bertha Martinez, and Loretta Isabela Martinez (collectively, "Plaintiffs") and Nikkiso Medical America, Inc. and any and all of its subsidiaries, divisions, parent companies, and associated companies and entities involved in the development, manufacture, sales, marketing or distribution of the DBB-06 dialysis machine ("Defendant") (collectively the "Parties") agree that they may be required to produce or disclose in this proceeding certain confidential or private information, documents or things, as described below, and the disclosure of such Confidential Information without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the Producing Party.[1]

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures in this case:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the

---

[1] For purposes of this Order, the term "Producing Party" shall be defined as any party or non-party who is required to produce or provide materials, testimony, or documents. The term "Receiving Party" shall be defined as any party or non-party who receives materials, testimony, or documents.

following categories: (a) documents that the Producing Party believes in good faith are entitled to protection under the Federal Rules of Civil Procedure, Rule 26(c)(1)(G), the Local Rules of the Central District of California, other applicable California law, or federal, state, or foreign data protection laws, and other privacy regulations and obligations; or (b) information that reveals trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information or that contains information received in confidence from third parties, or (c) medical information concerning any individual other than the Plaintiff's decedent, Doreen Ann Tarango; or (d) personal identity information; or (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public should not be designated as Confidential Information.

3. **Designation.**

  a. Procedure. A Producing Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.

  b. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not waive the right to subsequently so designate the document. If a party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

  c. Inspection of Materials Prior to Production. In the event that documents, materials or other information are made subject to inspection prior to

their production, no marking of those materials need be made by the Producing Party at the time of that inspection. For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Information and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the Producing Party wishes those materials to be considered Confidential Information under this Order, the producing party shall so designate them in accordance with the procedures set forth in this Order.

4. Confidential Information may include any information that a Producing Party reasonably believes to be subject to federal, state or foreign data protection laws or other privacy laws. The designation of materials as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.[2]

5. To the extent that a responsive document contains information that is Protected Health Information (PHI), information protected by the Health Insurance Portability and Accountability Act (HIPAA), sensitive or private information (*i.e.* credit card numbers, cell phone numbers, employee usernames or passwords, home addresses, etc.), privileged information, commercially sensitive or proprietary non-responsive information, or is otherwise specifically protected against such disclosure by applicable laws, Rules, regulations or separate order of the Court, including information subject to any foreign privacy laws, the Producing Party may apply redactions to the document and produce the document in a redacted format.

6. If a redaction is made, the basis for such redaction shall be annotated (*i.e.*, Redacted for Privacy, Redacted as Privileged, Redacted as Non-Responsive, etc.) on the redaction itself. Redactions made in accordance with these provisions need not be included on a privilege log or redaction log. Following the production of documents redacted for

---

[2] By designating documents as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

privilege, the Parties may meet and confer on any reasonable requests from the Receiving Party for privilege log entries related to individual documents redacted for privilege that are so substantial they remove the context necessary to evaluate the asserted privilege, if there is a legitimate and good faith basis for questioning the status of a document.

7. **Depositions.** With respect to any depositions that involve the disclosure of Confidential Information of a Party to this action, such Party shall have fourteen (14) days after delivery of the final deposition transcript to serve a Notice of Designation to all Parties of record identifying the portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. No such deposition transcript shall be disclosed to any individual other than the individuals permitted under this Order during these fourteen (14) days. Upon being timely informed that portions of the deposition are designated as Confidential Information, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order. The time frames set forth in this paragraph may be extended by agreement of the Parties.

8. **Protection of Confidential Material.**

    a. General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this action or as set forth in subparagraph (c), which includes any appeal thereof.

    b. Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information: (1) Outside counsel for the Parties and employees of outside counsel who have responsibility for the action and in-house counsel for the Parties. Any outside counsel who receives Confidential Information

but who has not filed a notice of appearance in this action must complete the Acknowledgement of Understanding and Agreement to Be Bound by the Protective Order; (2) individual parties and officers, directors, employees, agents or representatives of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of and decisions related to the litigation in which the information is disclosed; (3) the Court, any Special Master appointed by the Court and their personnel; (4) court reporters and recorders engaged for depositions and/or hearings; (5) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"); (6) consultants, investigators, litigation support personnel or experts employed by the Parties or counsel for the Parties, including their staff, employees, and agents whose duties and responsibilities require access to such materials, to assist in the preparation for pretrial discovery, trial of this action and/or hearings but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound by Protective Order; (7) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses may receive and retain a copy of all exhibits marked at their depositions in connection with review of the transcripts; however, witnesses shall not retain a copy of documents containing Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order; (8) the author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); (9) plaintiffs' decedent's prescribing and treating healthcare providers prior to their

deposition, but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound by Protective Order and Plaintiffs notify the Producing Party of (a) the identity of the prescribing and treating healthcare provider and (b) the Bates number of the Confidential Information provided at least 48 hours prior to the prescribing and treating healthcare provider's deposition; and (10) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed upon or ordered.

c. All Confidential Information shall be used by the Parties solely for the necessary purposes of the prosecution or defense of this action.

d. Confidential Information shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 8(b).

e. <u>Control of Documents.</u> Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

9. **Filing of Confidential Information.** This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rules.

10. **No Greater Protection of Specific Documents.** Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge

by any party. The following procedure shall apply to any such challenge.

    a.    <u>Meet and Confer.</u> A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party, or directly with a party who is appearing *pro se*. In conferring, the challenging party must explain, in writing, the basis for its belief that the confidentiality designation was not proper. The designating party shall have an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    b.    <u>Judicial Intervention.</u> A party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party/Producing Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present Confidential Information at a hearing or trial may only do so after first giving notice to the other Parties and as directed by the Court.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    a. If a Receiving Party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b. The Receiving Party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    c. The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15. **Obligations upon Conclusion of Litigation.**

    a.  <u>Order Continues in Force.</u> Unless otherwise agreed upon in writing or ordered by the Court, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.  <u>Obligations upon Conclusion of Action.</u> Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal in this action, the

Producing Party may make demand upon the Receiving Party to return or destroy all materials considered Confidential Information under this Order, except as this Court may otherwise order.

  c. Notwithstanding this obligation to return or destroy such Confidential Information, Receiving Counsel may retain attorney work product, including document indices. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

  d. <u>Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.</u> Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

DATED: December 8, 2025    Tucker Ellis LLP

            By: */s/ Mollie F. Benedict*
              Mollie F. Benedict
              Aggie B. Lee
              Attorneys for Defendant NIKKISO MEDICAL AMERICA, INC.

DATED: December 8, 2025  Berokim Law

By: */s/ Daniel R. Shoumer*
Kousha Berokim
Daniel R. Shoumer
Attorneys for Plaintiffs Nathaly Esmeralda Martinez, Mario Martinez, Jr., Mario Andres Martinez, Maryann Bertha Martinez, individually and as successors in interest to decedent Doreen Ann Tarango and Loretta Isabela Martinez, a minor, individually and as successor in interest to decedent Doreen Ann Tarango, by and through her guardian ad litem, Nathaly Esmeralda Martinez

IT IS SO ORDERED.

DATED: December 10, 2025

_____
Hon. Stephanie S. Christensen
United States Magistrate Judge

11
STIPULATED PROTECTIVE ORDER

ATTACHMENT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (printed):    _____

Job Title:    _____

Employer:    _____

Business Address:    _____

_____

Date:    _____

Signature:    _____